UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY GRABICKI, United States Trustee,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LINDA BAYS, AGENTS/SERVANTS OF LINDA BAYS, AND ALL SQUATTERS, TENANTS, OR OTHER UNKNOWN RESIDENTS,<br><br>　　　　　　Defendants. | NO: 13-CV-0406-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| LINDA BAYS, in her personal capacity; in her capacity as Member of Linjericks Society; in her capacity as Member of Sonlight Pathway Society; et al,<br><br>　　　　　　Third-Party Plaintiffs,<br><br>　v.<br><br>ANTHONY GRABICKI, in his personal capacity and in his capacity as | |

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

| | |
|---|---|
| trustee, et al, | |
| Third-Party Defendants | |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 2). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

This case involves property, the title to which was at one time disputed during a bankruptcy proceeding in United States District Court for the Eastern District of Washington. Plaintiffs filed an ejectment action in Stevens County Superior Court. Defendants removed it to this Court. Plaintiffs now move to remand back to state court, on grounds that notice of removal was not timely filed.

## FACTS

The parties and related matters have a long, contentious, and complicated history. Relevant here is that on October 9, 2012, Anthony Grabicki, United States Trustee for the bankruptcy estate of David Bays, filed a Complaint for Ejectment against "Linda Bays, Agents/Servants of Linda Bays, and all Squatters, Tenants or Other Unknown Residents" of real property in Stevens County, Washington. ECF No. 1, Exhibit A. Linda Bays was served with the summons and complaint on October 24, 2012. ECF No. 1 at 4. On December 5, 2013, Defendants William B.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

1  Klinger, with the permission of Defendants Angela Thunstrom and Linda Bays,
2  removed the above-captioned matter to this Court.
3      In the motion now before the Court, Plaintiff has moved to remand the case
4  back to state court on grounds that the notice of remand is untimely. A number of
5  filings ensued, including Defendant Klinger's Motion to Clarify (ECF No. 5) and
6  Linda Bays' Memorandum Opposing Removal (ECF No. 8).
7                              DISCUSSION
8      Plaintiff moves the Court to remand this case back to state court, arguing
9  that Defendants filed their notice of removal nearly fourteen months after
10 Plaintiff's initial pleading in violation of the removal statute. ECF No. 2 at 3-4.
11 Defendants opposing removal declare that (1) the removal statute does not
12 preclude them from removing when they did because this is the only court that has
13 jurisdiction under 28 U.S.C. 1334(a), and (2) the removal statute does not preclude
14 them from removing after 30 days because the Plaintiff acted in bad faith to
15 prevent them from removing. ECF No. 8 at 4-5.  For the following reasons, the
16 Court agrees with Plaintiff that removal is time-barred.
17     Title 28 United States Code Section 1441 governs removal of cases from
18 state court to federal court.  Generally, a defendant may remove a case to federal
19 court if the federal court would have subject-matter jurisdiction over one or more
20 of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332

1  (diversity of citizenship).  *See* 28 U.S.C. § 1441(a), (b).   Removal procedure is

2  governed by 28 U.S.C. § 1446, which provides in part,

3      [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

7  28 U.S.C. § 1446(b)(1). Though this statutory time limit for removal petitions is

8  not jurisdictional, it is mandatory and a timely objection to a late petition will

9  defeat removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir.

10  1980).

11      Here, Plaintiff filed a Complaint for Ejectment in the Stevens County

12  Superior Court on October 9, 2012. ECF No. 1, Exhibit A. Linda Bays was served

13  with the summons and complaint fifteen days later. ECF No. 1 at 4. The Notice of

14  Removal was filed in this Court on December 5, 2013, more than thirteen months

15  after the original complaint was served. Thus, Defendants do not meet the statutory

16  30-day time limit for removal under 28 U.S.C. § 1446(b).

17      Defendants' arguments in opposition to removal are contained in various

18  filings by different defendants appearing *pro se*. The Court construes pro se

19  arguments liberally, and has done so here, attempting to make sense of the parties'

20  arguments. However, these arguments are unpersuasive.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

For example, Defendant Linda Bays, appearing *pro se*, argues that the case cannot be remanded because the federal court has exclusive jurisdiction over the matter. ECF No. 8 at 4-5. She cites Title 28 United States Code Section 1334(a), on bankruptcy cases and proceedings, which states that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). However, the statute goes on to provide:

> **(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
> **(c)**
>   **(1)** Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>   **(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334 (emphasis added).

Here, the case that Plaintiff originally filed in state court—and which the Defendants removed—is an action for ejectment. While it is closely related to a bankruptcy proceeding in United States Bankruptcy Court for the Eastern District

of Washington which provided for the disposition of the subject property's title, it is not itself a bankruptcy proceeding or an appeal of a bankruptcy proceeding. As such, the district court does not have "exclusive" jurisdiction over the matter.

Nor does 28 U.S.C. § 1446(c)(1) bar removal, as Linda Bays argues. Under this statute,

> [a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Bays contends that the Trustee failed to serve Defendants Angela Thunstrom and William Klinger with the summons and complaint after they appeared as Defendants and "conspired with some of the State Court officers to continue to deny that those parties have a right to answer his claim for ejection in State Court or file a counterclaim." ECF No. 8 at 5. First, as a matter of common sense, the Court notes that if Defendants Thunstrom and Klinger appeared as Defendants in the ejectment lawsuit, they were aware of the lawsuit; as such, it is unclear how any alleged failure to serve them after they had already appeared could be construed as an attempt to prevent them from removing the action. Second, Bays presents absolutely no evidence—other than a conclusory statement—that the bankruptcy trustee conspired with the state court to prevent Defendants from filing any counterclaims or removal. Third, this provision's terms

relate specifically to 28 U.S.C. § 1332, which governs federal jurisdiction under diversity. Here, the case was removed on the basis of federal question jurisdiction[1], not diversity, as the statute's provisions require.

Though Defendants challenge the jurisdiction of the state court in other filings, variously alleging collusion between various judges and illegal appointments, none of those arguments affect this Court's determination of timeliness under the removal statue or its own jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs/Third-Party Defendants' Motion to Remand is **GRANTED**. The Court hereby **REMANDS** to the Stevens County Superior Court all matters appearing under the caption above.

---

[1] Defendants appear to invoke federal question jurisdiction in their Notice of Removal, stating that they filed a "counter/cross claim against the Plaintiff…based on Federal Law, the Fourteenth Amendment, RICO laws, the fact that none of the Defendants have been given notice and opportunity to Defend." ECF No. 1 at 9. The record supplies no indication that the Court would have diversity jurisdiction, as both Plaintiffs and Defendants appear to be from Washington, and there is no indication of the amount in controversy.

1    2. All other pending motions under the above-captioned matter are denied

2        as moot.

3    The District Court Clerk is directed to enter this Order, provide copies to

4 counsel, mail copies to pro se parties, <u>mail a certified copy of this Order</u> to the

5 Clerk of the Stevens County Superior Court, and **CLOSE** this file.

6    **DATED** February 10, 2014.



                 THOMAS O. RICE
               United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 8